# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BROOKS JANSEN                                                                                              PLAINTIFF

v.                                                  No.  4:13CV00606 JLH

MICHAEL WEKERLE                                                                                          DEFENDANT

## OPINION AND ORDER

Brooks Jansen brings this action against Michael Wekerle, alleging claims for negligence, the tort of outrage, and punitive damages. Wekerle has filed a motion to strike Jansen's complaint and exhibit as well as a motion to dismiss Jansen's claim for the tort of outrage. For the reasons explained below, the motion to strike is granted in part and denied in part and the motion to dismiss is granted.

Brooks Jansen filed this action in the Circuit Court of Pulaski County, Arkansas, and Wekerle removed the action to this Court. Jansen alleges that on October 22, 2010, he was working as a valet at the Capitol Hotel in Little Rock, Arkansas, when Wekerle engaged in an extended drunken escapade that ranged from the lobby, to the hotel bar and grill, to Ashley's restaurant, to the men's restroom, and to Wekerle's room. Jansen alleges that Wekerle's actions included excessive consumption of alcohol, use of profanity, threats, insults, repeatedly blowing a stadium horn, offering beer to hotel employees, carrying a female guest through the hotel lobby and falling onto a couch with her, licking a woman's shoe and foot in her husband's absence, wrestling with a companion in a hallway, jumping up and down in a chair at an occupied table in the hotel bar and grill, and dropping his pants and underwear so as to expose his genitalia in the presence of other guests.

At some point, Wekerle unexpectedly grabbed, twisted, and pulled Jansen's left arm and then held on and bent over as if to flip Jansen over his shoulder. This action caused physical injury to Jansen's left shoulder and neck. Jansen reported his physical injury to the hotel and filed an employee

injury report. Wekerle also made salacious comments to Jansen in front of and regarding two female guests. Document #2 at 16. Hotel security eventually evicted Wekerle from the hotel. The hotel drafted a security incident report that detailed Wekerle's conduct from approximately four p.m. to approximately nine p.m. Jansen attached the hotel security incident report to his complaint as Exhibit A. *See* Document #2.

Wekerle argues that much of Jansen's complaint and the security incident report is redundant, immaterial, impertinent, or scandalous. Consequently, Wekerle asks this Court to strike the complaint and the security incident report from the record pursuant to Federal Rule of Civil Procedure 12(f).

The Eighth Circuit has stated:

> This court has rarely been called upon to interpret Rule 12(f), which states, in pertinent part, that: "Upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder. *Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829, 832 (D.C. Iowa 1950). *See also, F.D.I.C. v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993). Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1380 at 783 (1969)). *See also, Resolution Trust Corp. v. Gibson,* 829 F. Supp. 1103, 1106 (W.D. Mo. 1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'").

*Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (alterations in *Stanbury Law Firm*).

> [There] appears to be general judicial agreement, as reflected in the extensive case law on the subject, that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the

2

controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1382 (3d ed. 2009) (footnotes omitted).

Jansen's complaint repeatedly characterizes Wekerle's conduct as a "drunken escapade" and three times lists a 17-point summary of Wekerle's conduct over the course of the entire evening. *See* Document #2 at 3-5, 7-10, and 11-14. These duplicate summaries are redundant not only because they are repeated twice but also because each count of the complaint already incorporates by reference all previous allegations. *See id.* at 5, 7, and 15. Consequently, all redundant characterizations of Wekerle's behavior as a "drunken escapade" and both redundant 17-point summaries of the allegations are struck from the complaint. Furthermore, the security incident report, which details Wekerle's conduct over the entire evening, is redundant and is struck from the record.

Jansen argues that he filed this action in the Circuit Court of Pulaski County, Arkansas, and that Arkansas Rule of Civil Procedure 8 requires fact pleading. Furthermore, he argues that the facts he alleges were necessary in order to plead his claim for negligence as well as the aggravating factors under Arkansas's punitive damages statute. That statute provides:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> > (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or

>     (2) The defendant intentionally pursued a course of conduct
> for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206. The Arkansas Supreme Court has stated,

> In order to support an award of punitive damages, the evidence must indicate the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice might be inferred. Negligence alone, however gross, is not a sufficient basis to justify the award of punitive damages. *Dalrymple v. Fields*, 276 Ark. 185, 633 S.W.2d 362 (1982); *Hodges v. Smith*, 175 Ark. 101, 298 S.W. 1023 (1927). In *St. Louis, I.M. & S. Ry. Co. v. Dysart*, 89 Ark. 261, 116 S.W. 224 (1919), we defined the prerequisites to an award of punitive damages as follows:
>
>> The terms 'wilfulness, or conscious indifference to consequences from which malice may be inferred,' as used in the decisions of this court, means such conduct in the face of discovered peril. In other words, in order to superadd this element of damages by way of punishment, *it must appear that the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences,* from which malice may be inferred. (Italics supplied.)
>
> According to AMI 2217, before a jury can impose punitive damages the evidence must show that the defendant "knew or ought to have known, in the light of surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct [with malice or] in reckless disregard of the consequences from which malice may be inferred."

*Freeman v. Anderson*, 279 Ark. 282, 286-87, 651 S.W.2d 450, 452 (1983) (alteration in *Freeman*).

The important inquiry is whether any of Jansen's factual allegations are material to the questions of (1) whether Wekerle knew or should have known that his conduct would naturally result in injury to Jansen[1] or (2) whether Wekerle continued his course in conscious indifference to the injurious consequences to Jansen.

---

[1] The Arkansas Supreme Court has held that a trier of fact is permitted to consider evidence of voluntary intoxication as a factor when determining negligence. *Wade v. Grace*, 321 Ark. 482, 488, 902 S.W.2d 785, 789 (1995).

In *Freeman*, the Arkansas Supreme Court affirmed the trial court's exclusion of evidence that the defendant fled the scene after causing an accident. *Id.* at 286, 651 S.W.2d at 452. The plaintiff offered the testimony to show that the defendant had a willful and wanton disregard for the plaintiff's welfare. *Id.* The plaintiff cited authority for the admission of evidence of hostile actions subsequent to the plaintiff's injury to prove the defendant's malice at the time of that injury. *Id.* But the court held that the excluded testimony—that the defendant did not stop after the defendant's truck changed lanes and caused another vehicle traveling the same direction to swerve across the center line into the path of the plaintiff's vehicle—contained nothing that tended to show conscious indifference on the part of the defendant. *Id.* at 287, 651 S.W.2d at 452.

As in *Freeman*, here Wekerle's conduct that occurred after his interaction with Jansen is not material to the questions of whether Wekerle knew or should have known that he was about to inflict injury on Jansen or whether he continued his course with a conscious indifference to the injurious consequences to Jansen. *See id.* While an argument might be made that those allegations "provide[] important context and background to [Jansen's] suit," *Stanbury Law Firm*, 221 F.3d at 1063, those allegations have no bearing on whether Wekerle was negligent or acted with malice in his interaction with Jansen. Although the complaint does not allege a time line of Wekerle's actions, allegations of events that occurred subsequent to Wekerle's interaction with Jansen are immaterial to Jansen's negligence or punitive-damages claims and should be struck from the complaint. The Court makes no ruling at this time of the materiality of the allegations of Wekerle's conduct prior to his interaction with Jansen and declines to strike those allegations.

Wekerle also argues that Jansen's claim for the tort of outrage fails to state a claim and should be dismissed. In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the

factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549. To establish a claim for outrage under Arkansas law, a plaintiff must prove that:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Kelley v. Georgia-Pac. Corp.*, 300 F.3d 910, 912 (8th Cir. 2002) (quoting *McQuay v. Guntharp*, 331 Ark. 466, 470, 963 S.W.2d 583, 585 (1998)).

> The plaintiff's emotional distress must be not only severe, but must be reasonable and justified under the circumstances. *M.B.M. Co., Inc. v. Counce*, 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980). Extreme and outrageous conduct means "conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* "Merely describing the conduct as outrageous does not make

6

> it so." *Fuqua [v. Flowers]*, 341 Ark. [901,] 907, 20 S.W.3d [388,] 392 [(2000)]. "In other words, liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Ingram v. Pirelli Cable Corp.*, 295 Ark. 154, 158, 747 S.W.2d 103, 105 (1988).

*Seals v. Corr. Med. Servs., Inc.*, 473 F. Supp. 2d 912, 925 (E.D. Ark. 2007).

Wekerle argues that the Arkansas courts have not recognized a cause of action for the tort of outrage where the alleged outrageous conduct is directed to a person other than the plaintiff. Jansen replies that he is not alleging that he suffered distress as a result of Wekerle's conduct toward third persons but rather as a result of "the entirety of [Wekerle's] escapade in the hotel which occurred near [him] and directly in contact with [him]." Document #10 at 6. However, Jansen's argument unduly clouds a very simple distinction: some of Wekerle's conduct was directed toward Jansen, but most of it was directed toward third persons.

In *Orlando v. Alamo*, 646 F.2d 1288, 1291 n.5 (8th Cir. 1981), the Eighth Circuit predicted that the Arkansas Supreme Court would adopt subsection 46(2) of the Restatement (Second) of Torts, which recognizes a cause of action for the tort of outrage premised upon conduct directed toward third persons. However, the Arkansas Supreme Court subsequently had the opportunity to address the issue of whether to recognize such an action but declined to do so in *Deason v. Farmers & Merchants Bank of Rogers*, 299 Ark. 167, 173, 771 S.W.2d 749, 753 (1989) *superseded on other grounds as stated in Arkansas State Highway Comm'n v. Ayres*, 311 Ark. 212, 214, 842 S.W.2d 853, 855 (1992). In *Poindexter v. Armstrong*, 934 F. Supp. 1052 (W.D. Ark. 1994), the court analyzed the history of the tort of outrage in Arkansas, observing that "[i]t . . . appears that the tort of outrage, as adopted and recognized in Arkansas at the present time includes only conduct directed to the person bringing the action." *Id.* at 1056. *Poindexter* called into question the Eighth Circuit's prediction and made its own prediction that the Arkansas Supreme Court would *not* recognize a

cause of action for the tort of outrage premised on conduct directed toward third parties. *Id.* The Arkansas Supreme Court has not subsequently provided clear guidance on this issue. But see *Cannady v. St. Vincent Infirmary Medical Center*, 2012 Ark. 369, at 1, 11 (holding that the trial court erred in ruling that the plaintiff-survivor's outrage claim, which was premised upon an invasion into the privacy of a decedent "did not survive the death of the decedent and could not be asserted as a relational wrong by the decedent's survivors," yet noting that the outrage claim "was not made on behalf of the decedent, but on appellant's own behalf."). If *Poindexter* is correct—and in this Court's view it is—then Jansen's outrage claim fails.

Jansen's complaint also fails to state a claim of outrage for other reasons. Wekerle unexpectedly grabbed, twisted, and pulled Jansen's left arm and then held on and bent over as if to flip Jansen over his shoulder.[2] He also made salacious comments to Jansen in front of and regarding two female guests. Although Wekerle's comments and actions toward Jansen were crude, boorish, shameful and disgusting, they are not the kind of "extreme and outrageous" conduct that constitute the tort of outrage. *See, e.g.*, *Sharbine v. Boone Exploration, Inc.*, No. 09-CV-1025, 2010 WL 892117, at *3 (W.D. Ark. Mar. 9, 2010) (unpublished) (finding that a woman did not state a claim for outrage although she alleged that she experienced two weeks of very crude and salacious language directed toward her by male coworkers, that a coworker dropped his pants and exposed himself to her, and that she was fired for being "a good-looking woman on an all male crew"); *Jones v. Clinton*, 990 F. Supp. 657, 678 (E.D. Ark. 1998) (finding that a female state employee did not state a claim for outrage although she alleged that she experienced an unwanted sexual advance by

---

[2] Jansen alleges that this conduct constituted negligence; he does not allege that it constituted the tort of battery.

the governor in his hotel room that included his lowering his pants and underwear, exposing his genitals, and asking her to "kiss it").

Moreover, Jansen has failed to allege the fourth element of the tort of outrage, *i.e.*, that Wekerle's conduct caused him severe emotional distress that no person should be expected to endure. The closest that Jansen comes is his repeated prayer for damages for "illness, pain, suffering and mental anguish in the past and reasonably certain to be experienced in the future." Document #2 at 7 and 10. This prayer for relief is insufficient to allege severe emotional distress as an element of the tort of outrage. *See Kiersey v. Jeffrey*, 369 Ark. 220, 222-25, 253 S.W.3d 438, 441-43 (2007) (discussing cases bearing on the "severe emotional distress" requirement); *Smith Chickeries v. Cummings*, 224 Ark. 743, 746, 276 S.W.2d 48, 50 (1955) ("We have also held that the statement of fact in a pleading, and not the prayer for relief, constitutes the cause of action.").

## CONCLUSION

For the reasons explained above, Wekerle's motion to strike is granted in part and denied in part. Document #3. The Capital Hotel's security incident report and paragraphs 12 and 16a-q are struck from the complaint, as well as all redundant uses of the phrase "drunken escapade," and all events that occurred after the "horseplay" during which Jansen contends that he was injured. The motion to dismiss Jansen's claim for the tort of outrage is granted. Document #5. Jansen must file an amended complaint, consistent with this Opinion and Order, within fourteen days from the entry of this Order.

IT IS SO ORDERED this 14th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE